

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

Renee' Summers Akers                                              PLANTIFF

VS.                                      CIVIL ACTION NO. 3:08cv161TSL-JCS

Hinds Community College                                          DEFENDANT

Jury Trial Demanded

### COMPLAINT

COMES NOW, plaintiff, Renee' Summers Akers, pro se, and for cause of action against the defendant, Hinds Community College, would state:

### JURISDICTION

This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000et seq; Civil Rights Act of 1866, 42 U. S. C. § 1981. Jurisdiction of this Court is invoked pursuant to 42 U. S. C. 2000e-5(f), 28 U. S. C. 1343 (3) & (4), 28 U. S. C. § 1331 and 28 U. S. C. § 1337. Plaintiff seeks declaratory relief pursuant to 28 U. S. C. §§ 2201 & 2202.

Venue is proper pursuant to 28 U. S. C. Section 1391 (b). The discriminatory acts complained of by Plaintiff occurred at Hinds Community College, hereafter, referred to as the "Defendant" located in Raymond, Mississippi

## I.

Plaintiff is an adult resident citizen of the County of Hinds, State of Mississippi. The defendant, Hinds Community College, is a resident of the County of Hinds, State of Mississippi.

## FACTS

The plaintiff has been employed by Hinds Community College as a Business Administration Instructor since January 1982.

The plaintiff has suffered harassment/retaliation as a result of aiding a colleague who filed an EEOC claim and a subsequent lawsuit against Hinds Community College. The harassment/retaliation has continued to the present time, causing extreme mental stress and an unfavorable working environment for the plaintiff.

William Ashley was hired as an instructor in the Business Administration department in January of 2006. This newly hired male instructor in the Business Administration department was given preferential treatment over the plaintiff. He was given a master key to the Business Administration building, clerical help, his office of choice, his courses to teach of choice, a professional part-time position and excessive overload classes which led to a much higher salary than he should earn according to the Hinds Community College faculty salary schedule. These opportunities were not given to the plaintiff.

In April of 2006, the plaintiff interviewed for the position of Department Chair of the Business Administration department. The proper interview procedure, according to the Hinds Community College Procedures manual, was not used by the Academic Dean, Dr. Thomas Kelly.

The plaintiff was denied the position of department chair of the Business Administration department, and the lesser qualified male applicant was selected.

## RELIEF

Plaintiff requests that the Court order the Defendant to award Plaintiff the position of Department Chair of the Business Administration Department with the appropriate salary. In addition, Plaintiff requests that the Defendant is ordered to retroactively apply the salary increase to the date when Plaintiff would have received the position of Department Chair. Plaintiff further requests that the Court grant Plaintiff such other relief as may be just and proper, including compensatory damages, costs and attorney fees.

Respectfully submitted, this the 14th day of March, 2008.

_____
PLAINTIFF

Renee' Summers Akers
P.O. Box 1100
Raymond, MS 39154
(601) 857-6144

**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5072 8953

950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB, Room 4239
Washington, DC 20530

December 14, 2007

Ms. Renee S. Akers
P.O. Box 1100
Raymond, MS  39154

Re:  EEOC Charge Against Hinds Community College
     No. 423200601902

Dear Ms. Akers:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                              Sincerely,

                              Grace Chung Becker
                              Acting Assistant Attorney General
                              Civil Rights Division

                         by   *Karen L. Ferguson*
                              Karen L. Ferguson
                              Supervisory Civil Rights Analyst
                              Employment Litigation Section

cc:  Jackson Area Office, EEOC
     Hinds Community College