IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**RENEE AKERS**                                                                                              **PLAINTIFF**

**VS.**                                                            **CIVIL ACTION NO. 3:08-CV-161-TSL-FKB**

**HCC COMMUNITY COLLEGE**                                                                 **DEFENDANT**

### PLAINTIFF'S BRIEF IN SUPPORT OF RESPONSE
### TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

COMES NOW Plaintiff and files this her Response to Defendant's Motion for Summary Judgment. In support thereof, Plaintiff would show as follows:

#### I.   BACKGROUND FACTS

In January 1982, Plaintiff began her employment with Defendant as a instructor in the Business Administration Department ("BAD"). *Def. Mem.* at p. 2. For most of the years Plaintiff primarily taught economics courses. *Id.* In May 2001, Janice Duncan filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against the Defendant for race discrimination. *See* Affidavit of Janice Duncan, attached hereto as Exhibit "A." Plaintiff provided a written statement to the EEOC in support of Ms. Duncan's charge of discrimination during the investigation. *See* Affidavit of Plaintiff at p. 1, attached hereto as Exhibit "B." When Ms. Duncan filed her lawsuit on July 29, 2002, against the Defendant she listed Plaintiff as a witness in support of her claim for race discrimination. *Id.* Around the same time Ms. Duncan filed her lawsuit Dr. Kelly began retaliating against Plaintiff by sending her a letter falsely accusing her of missing classes. *Id.* Plaintiff went to his office and discussed this with him. *Id.* There was absolutely no truth to the letter. *Id.* When Plaintiff met with Janice Duncan and her attorney in preparation for Dr. Duncan's trial, her attorney showed

-2-

Plaintiff a letter that the Defendant's counsel had expressed he was going to use against Plaintiff to discredit her as a witness in court. *Id.* Dr. Kelly was the only individual that possessed this retaliatory letter that could have given it to Defendant's counsel. *Id.*

Since becoming a witness in Ms. Duncan race discrimination the Defendant has continually retaliated against Plaintiff by terminating programs she was involved with, harassing Plaintiff on taking family medical leave to care for her parents, making false allegations about Plaintiff missing days of work, not supporting Plaintiff in the accreditation process with SACS, taking economics classes away from Plaintiff, not selecting Plaintiff for a chair position, not allowing Plaintiff to attend conferences and trips, not informing Plaintiff she should acquire more graduate hours to continue teaching economics, giving Plaintiff substantially lower evaluations than other instructors, inappropriately reprimanding Plaintiff, not allowing Plaintiff to teach summer courses, and making various other harassing statements to Plaintiff. *See* Exhibit "B."

Plaintiff filed a charge of discrimination with the EEOC on September 25, 2006, alleging sex discrimination and retaliation. *See* EEOC charge, attached hereto as Exhibit "C." On December 14, 2007, the EEOC issued Plaintiff a Notice of Right to Sue. *See* Notice of Right to Sue, attached hereto as Exhibit "D."

## II.   STANDARDS FOR SUMMARY JUDGMENT

District courts may properly grant summary judgment only if, viewing the facts in the light most favorable to the non-movant, the movant shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c).*

Summary judgment only shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett.*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the burden of identifying the basis for its belief that there is an absence of a genuine issue for trial, and pointing out those portions of the record that demonstrate such an absence. *Id.* Once the movant has made this initial showing, the nonmoving party must present competent summary judgment evidence to show a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Such evidence consists of specific facts that show a genuine fact issue, such that a reasonable jury might return a verdict in the nonmoving party's favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). But mere conclusory statements, speculation, and unsubstantiated assertions are insufficient to fend off a motion for summary judgment. *Anderson*, 477 U.S. at 248-50; *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir.1996) (en banc); *Abbot v. Equity Group, Inc.*, 2 F.3d 613, 619 (5th Cir.1993).

### III. ARGUMENT

### A.   PLAINTIFF'S RETALIATION CLAIM SURVIVES SUMMARY JUDGMENT

To establish a prima facie case of retaliation under Title VII, a plaintiff must show: (1) she engaged in protected activity; (2) action was taken by the employer against the plaintiff that a reasonable employee would consider materially adverse; and (3) a causal connection exists between the protected activity and the adverse action. *Burlington N. & Santa Fe. Ry. Co. v. White,* 548 U.S. 53, 126 S.Ct. 2405, 2415 (2006); *Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 319 (5th Cir. 2004); *Roberson v. Alltel Info. Sys.,* 373 F.3d 647, 655 (5th Cir. 2004).

It is clear the Plaintiff engaged in protected activity by providing a statement to the EEOC, and being listed as a witness in Ms. Duncan race discrimination lawsuit. *See* Plaintiff's Statement to EEOC, attached hereto as Exhibit "E"; *See* Janice Duncan's Complaint, attached hereto as Exhibit "F." The Defendant has retaliated against the Plaintiff by not being selected for the chair position in BAD, taking her economics class from her, giving Plaintiff lower evaluation scores, denying Plaintiff opportunity to teach summer classes, and denying Plaintiff the opportunity to attend conferences and trips. There is also a clear causal connection because the retaliation began within a month of Ms. Duncan listing Plaintiff as a witness in her Complaint and continued until Plaintiff's employment ended.  Defendant has made no argument that Plaintiff did not engage in protected activity, that the alleged actions by Defendant could not be considered materially adverse by a reasonable person, or that there is no causation relationship.  As such, Defendant has conceded Plaintiff can proffer a prima facie case of retaliation.

Under the *McDonnell Douglas* framework, the plaintiff's initial burden "is not onerous." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). The order of events and their temporal proximity are essential elements to any proper retaliation claim. A gap of only minutes or days between the plaintiff's protected activity and the adverse employment action strengthens the plaintiff's *prima facie* case. *Evans v. City of Houston,* 246 F.3d 344, 356 (5th Cir. 2001); *Berman v. Orkin Exterminating Co.,* 160 F.3d 697, 702 (11th Cir. 1998) (several-month time period between plaintiff's EEOC filing and two involuntary transfers sufficiently close to establish prima facie case of retaliation). "Close timing between the protected activity and the adverse employment action may provide a causal link." *DeHart v. Baker Hughes Oilfield Operations, Inc.,* 214 Fed.Appx. 437, 442 (5th Cir. 2007).

The Defendant claims that it chose Mr. Ashley for the chair position because of his superior interview, his prior managerial experience as a assistant football coach, his professional experience at another institution, and that he was seeking a doctorate degree. *Def. Mem.* at p. 3. However, when asked numerous times in his deposition, Dr. Kelly's only reason he gave for choosing Mr. Ashley was that it was his professional judgment, and that he could not explain it in a way anyone else would understand. *See* Deposition of Dr. Kelly at p. 85-96, attached hereto as Exhibit "G." Essentially, Dr. Kelly testified that Mr. Ashley just "fit better." *Id.* This non-specific explanation by Dr. Kelly in his deposition is not specific enough for a legitimate non-retaliatory reason. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 255 (1981). The fact Dr. Kelly has tried to come forward with a more specific reason that is contradictory shows pretext, and Dr. Kelly should not be allowed to use a contradictory affidavit to support

-5-

Defendant's motion for summary judgment. *Russell v. Harrison*, 736 F.2d 283, 287 (5th Cir. 1984); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996); *Thurman v. Sears, Roebuck & Co.*, 952 F.2d 128, 137 n. 23 (5th Cir. 1192), *cert. denied*, 506 U.S. 845, 113 S.Ct.136, 121 L.Ed.2d 89 (1992); *Albertson v. T.J. Stevenson & Company, Inc.*, 749 F.2d 223, 228 (5th Cir. 1984). Moreover, Dr. Kelly violated the Defendant's own selection procedures by failing to use a selection committee to select the individual of the chair position. The only times a chair has been selected without a committee has been for the chair positions Mrs. Akers and Ms. Duncan sought. *See* Exhibits "A" and "B." Plaintiff was clearly better qualified than Mr. Ashley because she had at least fifteen (15) more years of experience along with several awards than Mr. Ashley. *See* Exhibit "B" at p. 10.

The Defendant claims that it had to take Plaintiff out of her economics classes because she was no longer accredited by SACS. Plaintiff disputes this assertion by claiming SACS informed her that Defendant could have sought an exception to the 18 hours requirement, and that even if an exception could not be allowed the Defendant intentionally did not inform Plaintiff that she would be required to take more classes so she could get accredited. *Id.* at p. 11. Moreover, the Defendant allowed numerous instructors the ability to teach courses in the Fall of 2006 that did not meet the SACS requirements unlike the Plaintiff who was not allowed to teach economics. See Exhibit "B" at p. 32.

During Dr. Kelly's deposition he claimed he knew nothing about Mrs. Akers being witness in Ms. Duncan's case until approximately 6-8 months before his deposition. See Exhibit "G" at p. 108. First, Dr. Kelly contradicts this testimony by claiming he learned of

it in the Summer of 2006. [Doc. 42-5 at p. 3]. Second, it would be quite impossible for Dr. Kelly to have no knowledge of Plaintiff's allegations through the EEOC and initial lawsuit stage as Defendant could not have denied the allegations without consulting with Dr. Kelly as to whether he intended to retaliate against Plaintiff. Moreover, Janice Duncan listed Plaintiff as a witness in her Complaint and Dr. Kelly provided Defendant's counsel with a letter claiming Plaintiff had missed classes to discredit Plaintiff's potential testimony at Mrs. Duncan's trial. *See* Exhibit "A" and "B." There would be no reason for Defendant's counsel to turn over a document to Ms. Duncan's counsel that came only from Dr. Kelly regarding Plaintiff other than the fact Dr. Kelly knew Plaintiff was going to be witness and was seeking to discredit her if she testified in Ms. Duncan's case. The fact that Dr. Kelly is not being truthful as to his knowledge of Plaintiff's protected activity is evidence he is attempting to conceal his retaliatory motives.

The Defendant has failed to rebut any other allegations by Plaintiff of retaliation other than the selection of the chair position and taking Plaintiff's economics classes from her. As such, Plaintiff's other claims of retaliation should survive summary judgment.

  **B.**  **Plaintiff's Claim For Sex Discrimination Under Title VII Survive Summary Judgment.**

To prove a prima *facie case* of discrimination the Plaintiff must show (1) membership in a protected class; (2) application and qualification for a job for the position sought; (3) plaintiff was not promoted: and (4) the position was filled by someone not in the protected class. *McFall v Gonzales*, 143 Fed. App'x 604, 607 (5th Cir. 2006). In the current case, it is undisputed that Plaintiff can proffer a *prima facie* case of sex discrimination. *Def. Mem*. at p. 6. Plaintiff has already proffered evidence regarding

her retaliation claim that Defendant alleged legitimate non-discriminatory reason for selecting Mr. Ashley for the chair position was pretextual.  As such, Plaintiff's sex discrimination claim should survive summary judgment.

### C. Plaintiff Concedes Her 42 U.S.C. § 1981 Claim.

Plaintiff concedes to the dismissal of the 42 U.S.C. § 1981 claim as it is arguable the claim cannot be made against a local public governmental entity.

### IV. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court deny the Defendant's Motions for Summary Judgment.

THIS, 6[h] day of May, 2010.

        Respectfully submitted,

        By:  s/ Nick Norris
        LOUIS H. WATSON, JR. (MB No. 9053)
        NICK NORRIS (MB No. 101574)
        Attorneys for Plaintiff

OF COUNSEL:

LOUIS H. WATSON, JR., P.A.
628 N. State Street
Jackson, MS 39202
Phone No.   (601) 968-0000
Fax No.   (601) 968-0010
Brief in Support of Response to Motion for Summary Judgment.wpd

-8-

## CERTIFICATE OF SERVICE

I, Nick Norris, attorney for Plaintiff, do hereby certify that I have this day served a true and correct copy of the above and foregoing document via ECF filing or by United States Mail, postage prepaid, on the following:

>Ben J. Piazza, Jr. (MS Bar #4296)
>KEYES BRYSON & PIAZZA
>5448 I-55 North, Suite E
>P. O. Box 12445
>Jackson, MS 39236

THIS, the 6th day of May, 2010.

    /s Nick Norris
    NICK NORRIS